C. B. RICHARDSON *v.* D. L. MORGAN, Collector, et al.

An assessment for levee purposes is not a tax within the meaning of the Article 123 of the Constitution of 1852.

APPEAL from the District Court of the Parish of Carroll, *Farrar; J. C. A. De France* and *W. G. Wyley*, for plaintiff and appellant. *H. Short*, for Board of Levee Commissioners.

MERRICK, C. J. This case cannot be well distinguished from the case of Samuel Templeton against the same defendants just decided.

In addition to the points made by counsel in that case the plaintiff says: "But the Act of 12th March, 1859, authorizes the assessment of a specific "tax of ten cents an acre on all lands in the levee district, and besides, "an indefinite *ad valorem* tax on all the property in the levee district, in-"cluding lands."

"The Board of Levee Commissioners claim from plaintiff in this suit a "specific tax of ten cents per acre and an *ad valorem* tax of six hundred "per cent. on the State and mill tax. They besides claim a special loan "tax under the act of 19th March, 1859, of five per cent. per acre and "seventy-five per cent. on the State and mill tax."

"Thus the land of plaintiff is taxed twice; first specifically, then by "an *ad valorem* tax equal with other species of property. This is, "counsel proceeds, in plain violation of Article 123 of the Constitution "of 1852, which provides that "no one species of property shall be "taxed higher than another species of property of equal value on which "taxes shall be levied."

This presents in another form the same question considered by this court in the cases of *Yeatman* v. *Crandell*, 11 Ann. 220, and *The Draining Co.*, same vol. p. 372, and *Walace* v. *Shelton*, 14 Ann. 498. A majority of the court sees no reason to depart from those decisions which have occupied so much of our attention.

It is ordered, adjudged and decreed, that the judgment of the court below be reversed; and it is now ordered, adjudged and decreed, that the defendant, Daniel L. Morgan, Collector of the levee tax, be perpetually enjoined from selling the said lands seized under said order of seizure and sale, at the office of the Board of Levee Commissioners, at said town of Providence, in said Parish of Carroll. And it is further ordered, adjudged and decreed that said Board of Levee Commissioners, the defendant herein, do have and recover judgment upon the reconventional demand against the plaintiff, C. B. Richardson, for the sum of $422 36, for the general levee tax for the year 1859, and for the further sum of $74 12, special loan tax, with interest on each of said sums at the rate of eight per cent. per annum, from the 22d day of October, 1859, until paid. And it is further ordered, adjudged and decreed, that said debts and interests operate as a first lien and privilege upon all the lands of said plaintiff within said levee dis-

trict, in the parish of Carroll, from said 22d of October, 1859. And it is further ordered and decreed, that it be referred to the said Daniel L. Morgan, Collector of the levee tax, or his successor in office, to sell said lands or so much thereof as may be needed to pay said debts, interest and the costs hereafter mentioned, without the benefit of appraisement, and according to the third section of the Act of March 12, A. D. 1859, entitled, "An Act to amend an act entitled, an Act to amend an Act forming a Levee District, composed of the parishes of Carroll, Madison and Catahoula, for the better protection of the same from inundation; approved the 18th of March, 1858," and also in other respects according to law. And it is further ordered and decreed that the defendant, the Board of Levee Commissioners, pay the costs of the incidental demand of injunction and the costs of this appeal, and that the other costs of the lower court be borne by the plaintiff, and paid out of the proceeds of the lands to be sold.

The judgment of the lower court is reversed, and judgment will be entered in the same terms as in Templeton's case for $422 36, the general levee tax, and $74 12, the special loan tax, with eight per cent. interest on each sum from the 22d day of October, 1859. The costs of the appeal and injunction to be borne by the Board of Levee Commissioners, and the other costs of the lower court to be paid by plaintiff.

LAND, J., absent.